## Charles Klein's Appeal.

The owner of bonds issued by a certain corporation suffered them to remain in the custody of a broker; some three years after receiving such bonds the broker deposited bonds of the same corporation with a bank, as collateral security for a loan to himself. *Held*, that the owner of the bonds left with the broker was not entitled to the bonds deposited by the broker with the bank in the absence of proof of their identity; and that, even if identified, he could not recover them from the bank without paying the bank the amount loaned thereon, if they were received by the bank without notice of any defect in the broker's title thereto, and as security for a contemporaneous, and not an antecedent, debt.

(Argued March 30, 1888. Decided May 21, 1888.)

January Term, 1888, No. 308, E. D., before GORDON, Ch. J., PAXSON, CLARK, and WILLIAMS, JJ. Appeal by Charles Klein and Lizzie Mindill, complainants, from a decree of Common Pleas No. 4 of Philadelphia County dismissing the bill in a suit in equity against William F. Harrity, assignee of Ladner Bros., and the Commercial National Bank, for the recovery of certain railroad bonds. Affirmed.

The facts connected with the questions passed upon by the supreme court are sufficiently stated in the opinion.

*J. M. Moyer* for appellants.

*John G. Johnson* and *James W. Paul* for appellees.

OPINION BY MR. JUSTICE CLARK:

There is no question of law disputed in this case. The appellees concede that if the bonds which they received from the Ladner Brothers were the property of the appellants, and were received and applied as collateral security for an antecedent debt, the appellants have a right to a decree. The whole contention is one of fact which the master has determined in favor of the appellants. The learned judge of the court below, however, upon the exceptions filed, reversed the master's finding and entered a decree in favor of the appellees, and upon a full examination of the evidence we are clearly of opinion the court was right.

There is evidence to show that the complainants were the owners of certain bonds of the Southern Maryland Railway Company, amounting in the aggregate to $14,000; that in December, 1880, they left these bonds with Ladner Brothers, who were brokers, with instructions to have them exchanged for bonds of a later issue; that the exchange was effected, and the new bonds, for a time, were suffered to remain in the custody of Ladner Brothers. There is evidence, also, to show that the Ladner Brothers, on the 5th of September, 1883, delivered certain bonds of the Southern Maryland Railway Company to the amount of $10,000 to the Commercial National Bank as collateral security for a loan, and that some time afterwards Ladner Brothers left with the same bank $6,000 of similar bonds for a like purpose. But there is no evidence whatever, that the bonds which were received by Ladner Brothers in exchange for those left with them by the complainants in December, 1880, were the same bonds which Ladner Brothers deposited with the Commercial Bank three years later; and in the absence of all evidence of identification, it is impossible, of course, for the complainants to recover.

Moreover, as the testimony offered by the complainants is wholly to the effect that the $10,000 of bonds delivered to the Commercial Bank on the 5th of September, 1883, were, with other securities, deposited as collateral security for a loan of $18,000 on that day made, and were received by the Commercial Bank without notice of any defect in the title of Ladner, it is plain that, even if proof of identification had been made, there could be no recovery as to this portion of the bonds until that

debt is discharged; and it is shown that $13,000 of that specific loan yet remains unpaid. The only witness examined upon this question was Edwin P. Graham, who was the appellants' witness. His testimony is plain and positive on this point; he is uncontradicted, and his veracity is not called in question.

In view of what has been said, it is unnecessary for us to consider the other questions raised in the cause by the appellees.

The decree of the common pleas is affirmed and the appeal dismissed, at the costs of the appellants.